IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEAN ROBERTS,

    Plaintiff,                    No. CIV S-12-0247 KJM GGH P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceedings pro se. This action was removed by defendants from state court as plaintiff seeks relief pursuant to Title II of the Americans with Disabilities Act (ADA). The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.
8          A complaint must contain more than a "formulaic recitation of the elements of a
9  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
15 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17 the court to draw the reasonable inference that the defendant is liable for the misconduct
18 alleged."  Id.
19         In reviewing a complaint under this standard, the court must accept as true the
20 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
21 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
22 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
23 1843 (1969).
24         Plaintiff's original complaint stated that he was confined to a wheelchair and
25 because of this disability was denied certain freedoms, property and programs that were provided
26 to other inmates.  However, the original complaint did not provide details concerning the denial

1    of programs and property and how it was due to plaintiff's disability.  The original complaint was
2    dismissed, but plaintiff was allowed to file an amended complaint to describe in more detail the
3    services he was denied and how it was related to his disability.
4            Unfortunately, plaintiff's amended complaint contains less information than the
5    original complaint and consists mostly of exhibits.  Plaintiff again seeks damages for alleged
6    violations of the ADA.  Plaintiff discusses how his CDCR classification continually changed
7    based on his disability, but simply changing his status does set forth an ADA violation and
8    plaintiff fails to discuss the substance of these changes in designation and how it affected him.
9    To the extent these designations determined what facility plaintiff would be placed in, he must
10   describe what services were unavailable as a result of being in a certain facility.  Plaintiff also
11   discusses how his health deteriorated, but then states how prison officials provided him
12   accommodations, such as someone to turn on the shower, grab bars for the toilet, or a wheelchair
13   and then a walker.  None of this involves a violation of the ADA.  Plaintiff presents one sentence
14   where he states that he was denied religious services, legal library services, as well as yard
15   programs and canteen, but again fails to describe this in any detail.  Plaintiff's property was also
16   missing for about a month, but then it seems was returned, so it is not clear how this states a
17   claim.
18           The amended complaint is dismissed but plaintiff will be provided 28 days to file
19   a second amended complaint.  Plaintiff should not attempt to state his claim using exhibits.
20   Plaintiff must describe in detail how he was denied services or programs due to a disability.
21   Failure to file a second amended complaint will result in a recommendation that this action be
22   dismissed.
23           Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell
24   v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual
25   with a disability shall, by reason of such disability, be excluded from participation in or be denied
26   the benefits of the services, programs, or activities of a public entity, or be subject to

1 | discrimination by such entity." 42 U.S.C. § 12132.  Title II of the ADA applies to inmates within
2 | state prisons.  <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206, 118 S.Ct. 1952, 1955,
3 | 141 L.Ed.2d 215 (1998); <u>see</u> also <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1023 (9th Cir.1997);
4 | <u>Duffy v. Riveland</u>, 98 F.3d 447, 453-56 (9th Cir. 1996).
5 |        In order to state a claim that a public program or service violated Title II of the
6 | ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either
7 | excluded from participation in or denied the benefits of a public entity's services, programs, or
8 | activities, or was otherwise discriminated against by the public entity; and (3) such exclusion,
9 | denial of benefits, or discrimination was by reason of his disability.  <u>McGary v. City of Portland</u>,
10 | 386 F.3d 1259, 1265 (9th Cir. 2004).  If plaintiff seeks damages, the facts alleged must rise to the
11 | level of deliberate indifference to plaintiff's rights under the ADA.  See <u>Duvall v. County of</u>
12 | <u>Kitsap</u>, 260 F.3d 1124, 1138–39 (9th Cir. 2001) (claims for monetary relief under Title II of the
13 | ADA require the plaintiff to establish intentional discrimination based on deliberate indifference,
14 | namely, "both knowledge that a harm to a federally protected right is substantially likely, and a
15 | failure to act upon that ... likelihood").
16 |        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
17 | order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
18 | amended complaint be complete in itself without reference to any prior pleading.  This is
19 | because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v.</u>
20 | <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
21 | pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
22 | original complaint, each claim and the involvement of each defendant must be sufficiently
23 | alleged.
24 |        In accordance with the above, IT IS HEREBY ORDERED that the amended
25 | complaint is dismissed for the reasons discussed above, with leave to file a second amended
26 | \\\\\

1 complaint, within twenty-eight days from the date of service of this order. Failure to file a
2 second amended complaint will result in a recommendation that this action be dismissed.
3 DATED: March 20, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
robe0247.b2