IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEAN ROBERTS,

    Plaintiff,                    No. CIV S-12-0247 KJM GGH P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceedings pro se. This action was removed by defendants from state court as plaintiff seeks relief pursuant to Title II of the Americans with Disabilities Act (ADA). The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's original complaint stated that he was confined to a wheelchair and because of this disability was denied certain freedoms, property and programs that were provided to other inmates.  However, the original complaint did not provide details concerning the denial

1  of programs and property and how it was due to plaintiff's disability.  The original complaint was
2  dismissed, but plaintiff was allowed to file an amended complaint to describe in more detail the
3  services he was denied and how it was related to his disability.
4        Unfortunately, plaintiff's amended complaint contains less information than the
5  original complaint and consists mostly of exhibits.  Plaintiff again seeks damages for alleged
6  violations of the ADA.  Plaintiff discusses how his CDCR classification continually changed
7  based on his disability, but simply changing his status does set forth an ADA violation and
8  plaintiff fails to discuss the substance of these changes in designation and how it affected him.
9  To the extent these designations determined what facility plaintiff would be placed in, he must
10 describe what services were unavailable as a result of being in a certain facility.  Plaintiff also
11 discusses how his health deteriorated, but then states how prison officials provided him
12 accommodations, such as someone to turn on the shower, grab bars for the toilet, or a wheelchair
13 and then a walker.  None of this involves a violation of the ADA.  Plaintiff presents one sentence
14 where he states that he was denied religious services, legal library services, as well as yard
15 programs and canteen, but again fails to describe this in any detail.  Plaintiff's property was also
16 missing for about a month, but then it seems was returned, so it is not clear how this states a
17 claim.
18       The amended complaint is dismissed but plaintiff will be provided 28 days to file
19 a second amended complaint.  Plaintiff should not attempt to state his claim using exhibits.
20 Plaintiff must describe in detail how he was denied services or programs due to a disability.
21 Failure to file a second amended complaint will result in a recommendation that this action be
22 dismissed.
23       Title II of the ADA "prohibit[s] discrimination on the basis of disability."  Lovell
24 v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual
25 with a disability shall, by reason of such disability, be excluded from participation in or be denied
26 the benefits of the services, programs, or activities of a public entity, or be subject to

1 discrimination by such entity." 42 U.S.C. § 12132.  Title II of the ADA applies to inmates within

2 state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 118 S.Ct. 1952, 1955,

3 141 L.Ed.2d 215 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir.1997);

4 Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

5    In order to state a claim that a public program or service violated Title II of the

6 ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either

7 excluded from participation in or denied the benefits of a public entity's services, programs, or

8 activities, or was otherwise discriminated against by the public entity; and (3) such exclusion,

9 denial of benefits, or discrimination was by reason of his disability.  McGary v. City of Portland,

10 386 F.3d 1259, 1265 (9th Cir. 2004).  If plaintiff seeks damages, the facts alleged must rise to the

11 level of deliberate indifference to plaintiff's rights under the ADA.  See Duvall v. County of

12 Kitsap, 260 F.3d 1124, 1138–39 (9th Cir. 2001) (claims for monetary relief under Title II of the

13 ADA require the plaintiff to establish intentional discrimination based on deliberate indifference,

14 namely, "both knowledge that a harm to a federally protected right is substantially likely, and a

15 failure to act upon that ... likelihood").

16    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

18 amended complaint be complete in itself without reference to any prior pleading.  This is

19 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

20 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

21 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

22 original complaint, each claim and the involvement of each defendant must be sufficiently

23 alleged.

24    In accordance with the above, IT IS HEREBY ORDERED that the amended

25 complaint is dismissed for the reasons discussed above, with leave to file a second amended

26 \\\\\

1  complaint, within twenty-eight days from the date of service of this order. Failure to file a
2  second amended complaint will result in a recommendation that this action be dismissed.
3  DATED: March 20, 2012

　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH: AB
robe0247.b2