IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEAN ROBERTS,

    Plaintiff,

vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

No. CIV S-12-0247 KJM GGH P

ORDER &
FINDINGS AND RECOMMENDATIONS

/

    Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to Title II of the Americans with Disabilities Act (ADA). This action was removed by defendants from state court. The original and first amended complaint were dismissed with leave to amend and plaintiff has filed a second amended complaint.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6        A complaint must contain more than a "formulaic recitation of the elements of a
7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
9  "The pleading must contain something more...than...a statement of facts that merely creates a
10 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
11 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
12 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
13 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
14 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
15 the court to draw the reasonable inference that the defendant is liable for the misconduct
16 alleged."  Id.

17       In reviewing a complaint under this standard, the court must accept as true the
18 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
19 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
20 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
21 1843 (1969).

22       The complaint states a colorable claim against the California Department of
23 Corrections and Rehabilitation with respect to an alleged violation of the American with
24 Disabilities Act (ADA).  However, the remainder of the defendants should be dismissed.  As this
25 case was removed from state court, the California Department of Corrections and Rehabilitation
26 was served and is represented by counsel and will therefore be ordered to file a responsive

1  pleading.

2  Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinrich, 114 F.3d at 978.

Under the ADA, plaintiff may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002). However, he cannot seek damages pursuant to the ADA against the defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001). To the extent plaintiff makes claims of violations of the ADA against any individual defendant, plaintiff could proceed only to the extent that plaintiff seeks injunctive relief and has sued such individual defendant in an official capacity. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). As plaintiff does not seek injunctive relief and since CDCR is named as defendant, the individual defendants should be dismissed.

In accordance with the above IT IS HEREBY ORDERED that defendant California Department of Corrections and Rehabilitation file a responsive pleading within 28 days of service of this order.

IT IS HEREBY RECOMMENDED that all defendants be dismissed except for the California Department of Corrections and Rehabilitation.

\\\\\

3

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within seven days after service of the objections.  The parties are
7  advised that failure to file objections within the specified time may waive the right to appeal the
8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: May 7, 2012

          <u>/s/ Gregory G. Hollows</u>
    UNITED STATES MAGISTRATE JUDGE

GGH: AB
robe0247.dis