UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DEAN ROBERTS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | No. 2:12-cv-0247 KJM AC P<br><br><br>ORDER |

       Plaintiff, a state prisoner proceeding pro se, seeks relief under Title II of the Americans with Disabilities Act (ADA). All pending deadlines and motions are currently held in abeyance pending disposition of the court's December 11, 2012 order to show cause. See ECF No. 23. Pursuant to the discovery and scheduling order previously in effect, the parties were to complete discovery by October 5, 2012 and file dispositive motions by December 28, 2012.

       On September 19, 2012 and again on October 18, 2012, plaintiff filed a motion to extend discovery, alleging that he discovered after attending yard one day that his case file for this civil case was missing, except for copies of one letter, the original complaint, and defendant's responses to plaintiff's request for production of documents. ECF Nos. 14, 18. In the court's order denying plaintiff's September 19, 2012 motion, plaintiff was advised that the court would address the matter further if plaintiff set forth his allegations in a statement signed under penalty of perjury. Id. Plaintiff's October 18, 2012 motion to extend discovery remains pending.

////

1

1    On October 16, 2012, plaintiff filed a "Statement Under Penalties of Perjury In Response to This Courts [sic] Order of October 1, 2012." ECF No. 21. In his statement, plaintiff declares that "all copies and/or original documents plaintiff had accumulated, prepared, served, or received during the court of this case (IE: Order from this Court including the June 15, 2012 discovery and scheduling order, letters, motions, investigative notes, retained copies of discovery request [request for admissions], research documents and all other personally prepared documents) were removed from plaintiff's cell during plaintiff's absence." Id. at 1. Plaintiff additionally declares that his case file could only have been accessed and removed from his assigned cell with the use of a key possessed only by prison staff. Id. at 2. Plaintiff believes that prison staff must have removed his papers. Id.

On December 11, 2012, defendant was ordered to respond to plaintiff's October 19, 2012 filing. ECF No. 23. In addition, the court ordered that all pending motions and deadlines be held in abeyance pending resolution of this matter. Id. Following a sua sponte extension of time (ECF No. 25) and an order to show cause (ECF No. 27), defendant finally filed a response on March 7, 2013. ECF No. 28.

Defendant responds that defendant's counsel mistakenly believed that the response to the court's December 11, 2012 order had been filed within the time originally allowed for by the court. ECF No. 28 at 2. In regard to plaintiff's allegation that his case file was seized, defendant provides a sworn declaration of D. Pherigo, Litigation Coordinator at Correctional Training Facility ("CTF"). Id. at 5-6. Pherigo reviewed the cell search logs for 2012 at CTF and found no indication that any legal material was confiscated from plaintiff. Id. at 6. Pherigo additionally verified that the Receiving and Release Unit did not have any of plaintiff's legal materials that were seized or left behind when plaintiff transferred to another institution. Id.

Kelli Hammond, counsel for defendant, additionally declares that no discovery requests were received from plaintiff other than his request for production of documents, which defendant responded to on June 27, 2012. Id. at 9−10. Further, contrary to plaintiff's assertions, Hammond has not received any letters from plaintiff regarding discovery matters. Id. 10.

////

1    Plaintiff filed a reply on May 9, 2013, providing some responsive information and
2 argument and additional information and argument having no relevance to the matter at hand.
3 ECF No. 31. Plaintiff alleges that he served defendant, via counsel, with a first set of requests for
4 admissions on July 25, 2012, despite counsel's assertion that no additional discovery requests
5 were received. Id. at 2. Plaintiff further argues that defendant should have included, with
6 defendant's March 7, 2013 response and in support of defendant's position, the cell search logs
7 reflecting which officer may have searched plaintiff's cell, along with and declarations from any
8 officer who searched his cell. Id. at 2, 6.

9    Plaintiff next provides details surrounding two CDC-115 disciplinary reports he received
10 during the time period of 2011-2012 and a staff misconduct appeal he filed in 2012. Id. at 3−4.
11 Plaintiff alleges that since the filing of the instant action and one other civil action in this district
12 court, he "has been the target of staff aggression, false documentation, threats, and retaliation."
13 ECF No. 31 at 5. Plaintiff also complains of the conditions of confinement at his current place of
14 incarceration, California Institution for Men ("CIM"), and alleges that he has been restricted by
15 staff at CIM from offering legal assistance to other inmates and falsely accused of charging for
16 legal assistance offered. Id. at 5-6. Plaintiff complains that CIM staff improperly screen out
17 inmate appeals and that the Correctional Training Facility ("CTF") continues to violate the "court
18 ordered Armstrong remedial plan." Id. at 7-8.

19    Plaintiff argues in conclusion that it would be impossible for him to prove that
20 correctional staff secretly confiscated his property, and asks the court to order defendant to
21 produce (1) "plaintiff's entire "non" confidential part of his prison central file"; (2) plaintiff's
22 entire medical file, including his mental health section of his medical file; and (3) the "entire file
23 of this case… save for attorney client privileged information." Id. at 10, 11-12. Plaintiff requests
24 that the discovery schedule be extended to allow him "sufficient time to conduct discovery
25 because of the current living conditions… and the lack of facility library services." Id. at 12.

26    Plaintiff has not shown any basis for an order directing defendant to provide him with free
27 copies of his prison central file or prison medical file. As to documents pertaining to the pending
28 case, as a one-time courtesy under the circumstances presented, plaintiff will be provided with

copies of pertinent documents, limited to the second amended complaint (ECF No. 9), the court's May 7, 2012 order and findings and recommendations (ECF No. 10), the answer (ECF No. 11), and the court's September 27, 2012 order and findings and recommendations (ECF No. 15).  If plaintiff requires any additional copies, he must order and pay for them at the rate of $0.50 per page in accordance with the regular policy of the Clerk's Office.

In regard to outstanding discovery, plaintiff alleges that he served his first set of requests for admissions to defendant, via counsel, on July 25, 2012, and that this discovery request is still outstanding.  Counsel for defendant responds that plaintiff's purported July 25, 2012 discovery request was never received, and the court accepts counsel's explanation.  Plaintiff does not allege to have served on defendant any other timely discovery requests which are still outstanding.  Accordingly, there is no basis for extending or re-opening discovery in this case.  Notwithstanding the expired discovery deadline, plaintiff will be granted leave to serve one set of requests for admissions on defendant within thirty days of the date of this order, should he wish to do so.  No requests for extension of time will be granted.  The dispositive motion deadline will be reset to October 25, 2013.

Plaintiff's June 24, 2013 "motion for court order re copies" is also before the court.  ECF No. 32.  Plaintiff requests the court to issue an order directing the Clerk to provide him with a single conformed copy of all pleadings filed in this case with postage paid by the Court.  Id. at 1.  Plaintiff states that he is indigent, does not have access to postage, and that the prison does not supply postage as required by the court for the court to return conformed copies.  Id.  This motion will be denied. Plaintiff may request conformed copies of the pleadings filed in this case only in accordance with the regular policy of the Clerk's Office.  The policy of the Clerk's Office on conformed copies is as follows:  "The Court requires the original plus one copy of most pleadings.  See Local Rule 133(d)(2).  If you wish to have a conformed copy returned to you, you must file an original plus two copies and provide the court with a self-addressed stamped envelope with the correct postage."  Plaintiff's allegations in the June 24, 2013 motion do not warrant an exception to the regular policy.

////

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's October 18, 2012 motion to extend discovery (ECF No. 18) is DENIED.
2. The court's December 11, 2012 and February 28, 2013 orders to show cause (ECF Nos. 23, 27) are discharged.
3. Notwithstanding the expired discovery deadline in this case, plaintiff is granted leave to serve one set of requests for admission on defendant within thirty days of the date of this order. No extensions of time will be granted.
4. Under the circumstances presented, the Clerk of Court is ordered to serve plaintiff as a one-time courtesy with copies of the pertinent documents in this case, limited to the second amended complaint (ECF No. 9), the court's May 7, 2012 order and findings and recommendations (ECF No. 10), the answer (ECF No. 11), and the court's September 27, 2012 order and findings and recommendations (ECF No. 15). If plaintiff requires any additional copies, he must order and pay for them at the rate of $0.50 per page in accordance with the regular policy of the Clerk's Office.
5. The stay and abeyance entered December 11, 2012 is lifted.
6. The deadline for dispositive motions is reset to October 25, 2013.

DATED: July 18, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//robe0247.liftstay