1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL DEAN ROBERTS,                    No.  2:12-cv-0247 KJM AC P

12              Plaintiff,

13       v.                               ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16              Defendants.

17

18   I.      Procedural History

19          Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to Title II

20   of the Americans with Disabilities Act (ADA).  This action was removed by defendants from

21   state court and is proceeding on the Second Amended Complaint.  ECF No. 9

22          On December 11, 2012, the court issued an order to show cause and ordered that all

23   pending deadlines were held in abeyance pending resolution of plaintiff's motion to extend the

24   discovery deadline based on the removal of his case file by prison authorities.  ECF No. 23.  By

25   Order of July 19, 2013, this Court found no basis "for extending or re-opening discovery in this

26   case," but due to the circumstances presented, granted plaintiff leave to serve one set of requests

27   for admissions on defendant.  ECF No. 33 at 4.

28          On August 5, 2013, after the discovery deadline had passed, plaintiff filed a motion to

1

1   compel responses to his first request for production of documents propounded in the summer of

2   2012.  Specifically, plaintiff seeks the specific policies, procedures and practices at High Desert

3   State Prison and a copy of his medical records from July 2008.  See ECF No. 34.  Defendant filed

4   an untimely opposition to this motion, together with a motion for leave to oppose out of time.

5   ECF Nos. 35, 36.

6   II.      Timeliness of Motion to Compel

7          While the court does not look favorably on the filing of a motion to compel discovery

8   more than a year after plaintiff received defendant's response to his request for production of

9   documents, the court also notes the delay that has been caused by defense counsel's failure to

10  timely comply with  court orders and deadlines in this case.  See ECF Nos. 27 (noting failure to

11  respond to order to show cause); 44 (granting an extension of time of the dispositive motions

12  deadline); 42 (same); 38 (same).  In light of the litigation delays attributable to both parties, the

13  court will exercise its discretion and entertain plaintiff's untimely motion to compel as well as

14  defendant's untimely opposition thereto.

15         The parties are further advised and cautioned that requests for extensions of time are the

16  exception and not the norm.  Multiple motions for extensions of time burden this court's already

17  over-burdened docket and should not be filed in a piecemeal manner.  See Local Rule 144(d).

18  III.     Motion to Compel Further Response to Requests for Production of Documents

19         Plaintiff seeks to compel further responses to his requests for production (RFP) nos. 1-6

20  and 9 directed to the CDCR, in order to obtain the policies, practices, and procedures specific to

21  High Desert State Prison as well as his prison medical records from July 2008.  ECF No. 34 at 2-

22  4. Plaintiff indicates that he signed a release form requesting a copy of his prison medical records

23  on December 31, 2012, but was later informed that he did not have adequate funds on his prison

24  trust account to pay the costs associated with copying them.  ECF No. 34 at 13 (declaration of

25  Paul Dean Roberts).  As a result, plaintiff requests that a copy be provided free of charge by

26  defendant.[1]  Id.

27

28
_____

[1] Since this case was removed from state court, defendant paid the $350 filing fees associated
with this case.  Therefore, plaintiff has not submitted any motion to proceed in forma pauperis.

2

1    In opposition, defendant CDCR noted that documents responsive to plaintiff's RFP nos. 1-

2    6 had just been located concerning the specific polices of the Central Treatment Center at High

3    Desert State Prison where plaintiff was housed in July 2008.  See ECF Nos. 36, 36-3 at 7-19.

4    Therefore, defendant has supplemented their initial response to requests for production nos. 1-6.

5    ECF No. 36-3 at 7-19.  Defendant continues to object to request for production no. 9 related to

6    plaintiff's prison medical records from July 2008 arguing that they are equally available for

7    plaintiff's inspection and copying at his current prison.  ECF Nos. 36 at 4, 36-1 at 5-6.

8    III.    Legal Standard

9        Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

10   party's claim or defense, and for good cause, the court may order discovery of any matter relevant

11   to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1).  Relevant information need

12   not be admissible at the trial if the discovery appears reasonably calculated to lead to the

13   discovery of admissible evidence.  Id.

14       Generally, if the responding party objects to a discovery request, the party moving to

15   compel bears the burden of demonstrating why the objections are not justified.  See e.g., Grabek

16   v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); Womack v. Virga, 2011 WL

17   6703958, at *3 (E.D. Cal. Dec. 21, 2011).  This requires the moving party to inform the Court

18   which discovery requests are the subject of the motion to compel, and, for each disputed

19   response, why the information sought is relevant and why the responding party's objections are

20   not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3.

21       The Court is vested with broad discretion to manage discovery, Hunt v. County of Orange,

22   672 F.3d 606, 616 (9th Cir. 2012); Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625,

23   635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and where the

24   discovery request seeks information which, based on the record, is clearly within the scope of

25   discovery and the objection lacks merit, the Court may elect to exercise its discretion to reach the

26   See ECF No. 1.  However, the court takes judicial notice that plaintiff is proceeding in forma

27   pauperis in Roberts v. Brown, 2:11-cv-0474-MCE-DAD.  See Harris v. County of Orange, 682
     F.3d 1126, 1131-31 (9th Cir. 2012).

28

3

1    merits of the dispute.  See e.g., Marti v. Baires, 2012 WL 2029720, at *3 (E.D. Cal. Jun.5, 2012);

2    Williams v. Adams,  2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).  The court must limit

3    discovery if the burden of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P.

4    26(b)(2)(C)(iii).  "In each instance [of discovery], the determination whether ... information is

5    discoverable because it is relevant to the claims or defenses depends on the circumstances of the

6    pending action."  Fed. R. Civ. P. 26 Advisory Committee's Note (2000 Amendment) (Gap

7    Report) (Subdivision (b)(1).

8    III.    Analysis

9         Based on defendant's supplemental response of October 22, 2013, it now appears that

10   plaintiff's motion to compel additional responses to his requests for production (RFP) nos. 1-6 is

11   moot.  The motion will accordingly be denied on this ground.

12        Regarding plaintiff's motion to compel a copy of his prison medical records, the court

13   notes that plaintiff's second amended complaint alleges that he is a wheelchair-bound inmate who

14   was discriminated against solely on account of his disability.  Specifically, plaintiff alleges that

15   after medical staff changed his mobility impairment designation, he needed placement in a

16   wheelchair accessible cell at HDSP.  ECF No. 9 at 7.  Because there were no wheelchair

17   accessible cells available, plaintiff was moved to the Correctional Treatment Center (CTC) at

18   High Desert State Prison on July 4, 2008.  ECF No. 9 at 8-9.  Plaintiff alleges that while housed

19   in the CTC he was denied access to his property, as well as yard and canteen privileges.  Id.  On

20   August 1, 2008, plaintiff alleges that his disability designation code was once again changed to

21   part-time wheelchair use not based on his improved medical condition, but rather due to the

22   ongoing lack of a wheelchair accessible cell at HDSP.  Id. at 11.  Plaintiff therefore alleges that

23   the CDCR violated the Americans with Disabilities Act (ADA).

24        Based on these allegations, plaintiff's medical records from July 2008 appear relevant to

25   plaintiff's claims.  See Fed. R. Civ. P. 26(b)(1).  While plaintiff's placement in the CTC was

26   allegedly due to an ADA housing shortage and not any decline in his medical condition, CDCR

27   documents indicate that he was returned to HDSP when his health improved to the point that he

28   no longer needed a wheelchair full-time.  See ECF No. 9 at 51.  Defendant does not contend that

4

1   responding to this request would be overly burdensome.  In fact, defendant submits plaintiff's

2   medical records from 2008 through 2011 as exhibits attached to its motion for summary

3   judgment.  See ECF Nos. 46-5 at 9-102, 46-6 at 1-88.  However, there are no records from July

4   2008 included in these exhibits.  Therefore, to the extent any such records exist, plaintiff's motion

5   to compel additional responses to his requests for production (RFP) no. 9 will be granted.

6   IV.       Summary Judgment Opposition Deadline

7           The Court takes notice that defendant filed a motion for summary judgment while

8   plaintiff's motion to compel was pending.  Plaintiff's opposition to the summary judgment motion

9   is currently due by January 26, 2014.  See ECF No. 44.  Given the extensions of the dispositive

10  motions deadline that have been granted to defendant as well as plaintiff's pro se status, the Court

11  finds good cause to extend plaintiff's deadline to submit his opposition to defendant's motion for

12  summary judgment.

13          Based on the foregoing, it is HEREBY ORDERED that:

14          1. Plaintiff's Motion to Compel further production of documents from defendant CDCR

15  (ECF No. 34) is granted in part and denied in part as follows:

16              a)  Denied as to RFP Nos. 1-6 based on mootness;

17              b)  Granted as to RFP No. 9.

18          2. Defendant is ordered to provide a copy of plaintiff's medical records from July 2008

19  within 30 days from the date of this order.

20          3. Plaintiff's time to file an opposition to defendant's motion for summary judgment

21  (ECF No. 46) is extended to thirty days from the date of receipt of his medical records from

22  defendant.

23          3. Defendant's reply, if any, shall be filed within seven days thereafter.

24  DATED: January 8, 2014

25  _____
    ALLISON CLAIRE
26  UNITED STATES MAGISTRATE JUDGE

27

28